**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ERIC KRAVITZ, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff,

-against-

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRERA & WOLF, LLP,
and MELANIE I. WIENER,

Defendants.

Index No.

**COMPLAINT**
**CLASS ACTION**

Plaintiff, ERIC KRAVITZ, Individually and on behalf of all others similarly situated, by and through his attorneys, BLAU LEONARD LAW GROUP, LLC, as and for his Class Action Complaint, respectfully alleges as follows:

<u>INTRODUCTION</u>

1.  Plaintiff, in his individual capacity and on behalf of all others similarly situated, brings this class action for monetary relief and redress for the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.  Plaintiff, in his individual capacity and on behalf of all others similarly situated, brings this class action under New York General Business Law §349 and §487 of the New York Judiciary Law.

3.  Defendants systematically and willfully engage in efforts to mass generate judgment accounts from consumer collection accounts, while knowing, or intentionally failing to know, that the consumers do not owe the underlying debt, in whole or in part.

Further, Defendants intentionally do not obtain, or cannot obtain, evidentiary proof that the consumers actually owe the alleged debt.

## JURISDICTION

4.   This Court has jurisdiction pursuant to 15 U.S.C. §1692k and 28 U.S.C. §1331. As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to

28 U.S.C. § 1367.

5.   Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

6.   Plaintiff, ERIC KRAVITZ, is a resident of East Marion, New York 11939, County of Suffolk.

7.   ERIC KRAVITZ is a "consumer" as that term is defined by Section 1962(a)(3) of the FDCPA.

8.   Defendant, ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRERA & WOLF, LLP, (hereinafter "ATTORNEYS") is, and at all times herein mentioned was, a limited liability partnership duly organized and existing under the laws of the State of New York, with offices located at: (a) 1111 Marcus Avenue, Lake Success, New York 11042; (b) 630 Third Avenue, New York, New York 10017; (c) 160 Linden Oaks, Suite E, Rochester, New York 14625; (d) 1 Metro Tech Center, Suite 1704, Brooklyn, New York 11205; and (e) 9306 Flatlands Avenue, Brooklyn, New York 11236.

9.   At all relevant times, ATTORNEYS is a law firm consisting of attorneys duly admitted to practice law before the courts of the State of New York.

10.    ATTORNEYS are "debt collectors" as defined by Section 1962(a)(6) of the FDCPA.

11.    ATTORNEYS regularly attempt to collect debts alleged to be due another. At all relevant times, ATTORNEYS is a law firm engaged in the practice of law concentrating in debt collections and the filing of debt collection lawsuits against consumers.

12.    Defendant, MELANIE I. WIENER, ("WIENER") is an associate attorney employed by ATTORNEYS at their offices located at 1111 Marcus Avenue, Lake Success, NY 11042.

13.    At all relevant times, Defendant WEINER was an associate attorney employed by ATTORNEYS in the firm's Health Care Collection & Reimbursement Recovery Department.

14.    WIENER is a "debt collector" as defined by Section 1962(a)(6) of the FDCPA.

15.    WIENER regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

16.    Plaintiff brings this class action to recover damages under and pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

17.    Plaintiff brings this class action to recover damages under New York General Business Law §349 and §487 of the New York Judiciary Law.

18.    The Class that Plaintiff seeks to represent is defined, as follows:

During the applicable statutory period, all persons against whom ATTORNEYS attempted to collect a debt for nursing home care (Medicaid or Medicare) provided to a parent, by commencing a litigation while knowing, or intentionally failing to know, that the alleged consumer did not owe the underlying debt, in whole or in part.

19.    This litigation is properly brought as a Class Action because the Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 putative members of the class.

20.    This litigation is properly brought as a Class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members: to wit, whether ATTORNEYS engaged in a practice of attempting to collect debts from persons who are not legally liable for such debts.

21.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

22.    Plaintiff has hired counsel who are able and competent to fairly and adequately protect the interests of the Class.

23.    A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense of individual litigation may be prohibitive and render it impractical for Class members to sue ATTORNEYS for unlawful credit and collection practices.

## FACTUAL ALLEGATIONS

24.    At all relevant times, WEDGEWOOD CARE CENTER, INC., ("WEDGEWOOD") was in the business of owning, operating and controlling a nursing care facility providing room, board and skilled nursing home care services.

25.    At all relevant times, WEDGEWOOD retained ATTORNEYS for the purpose of debt collections and filing of debt collection lawsuits against residents/estates of deceased residents, allegedly in arrears in paying outstanding WEDGEWOOD costs, expenses and charges for services rendered.

26. From approximately November 14, 2011 to November 30, 2012, Plaintiff's mother, BEATICE KRAVITZ, was a full time resident/patient at WEDGEWOOD.

27. WEDGEWOOD accepted BEATICE KRAVITZ as a resident whose charges would be paid in whole or in part by Medicaid/Medicare.

28. At all relevant times, Plaintiff was not a guarantor of the performance and/or of any payments due under and pursuant to the Admission Agreement ("Agreement") between WEDGEWOOD and BEATICE KRAVITZ.

29. At all relevant times Plaintiff did *not* possess a power of attorney, license or have authorized access and/or control of the income, assets, and property, if any, lawfully owned by BEATICE KRAVITZ.

30. Plaintiff never signed any agreement or any other writing contractually binding him to pay his mother's debts at WEDGEWOOD.

31. At no time was Plaintiff either directly or indirectly a responsible party for his mother's nursing home costs, expenses and charges at WEDGEWOOD.

32. At no time was Plaintiff either directly or indirectly responsible or obligated to ensure a continuity of payment from his mother's funds and/or third party payors, to meet her obligations to WEDGEWOOD.

33. Plaintiff never misappropriated or diverted his mother's assets for his own use or personal benefit.

34. On or about September 13, 2013, ATTORNEYS sent Plaintiff a collection letter attached hereto as "Exhibit A."

35. On or about November 5, 2013, Plaintiff's attorneys sent ATTORNEYS correspondence disputing any alleged debt. "Exhibit B"

36.   On or about June 4, 2014, Defendants commenced an action against Plaintiff, entitled
      *Wedgewood Care Center, Inc., vs. Kravitz*, in the Supreme Court, Nassau County, bearing
      Index No. 5545/2014.

37.   The alleged debt that ATTORNEYS/WEINER sough to collect from Plaintiff is a "debt"
      as that term is defined by Section 1692(a)(5).

38.   Defendants commenced this action against Plaintiff without any valid factual basis,
      predicated upon false allegations and knowing misrepresentations, contained in a sworn
      verification by a corporate Officer of WEDGEWOOD.

39.   The Verified Complaint filed in *Wedgewood Care Center, Inc., vs. Kravitz,* was signed by
      WEINER pursuant to 22 NYCRR§ 130-1.1.

40.   22 NYCRR§ 130-1.1. provides, in pertinent part, that  "By signing a paper, an attorney or
      party certifies that, to the best of that person's knowledge, information and belief, formed
      after an inquiry reasonable under the circumstances, (1) the presentation of the paper or the
      contentions therein are not frivolous as defined in section 130-1.1(c)..."

41.   The Verified Complaint filed in *Wedgewood Care Center, Inc., vs. Kravitz,*
      alleges that Plaintiff has breached his obligations under the Admission Agreement for his
      mother.

42.   The Verified Complaint filed in *Wedgewood Care Center, Inc., vs. Kravitz,* alleges that
      Plaintiff had access to his mother's assets and income, as defined under the terms of the
      Agreement, but failed to pay outstanding WEDGEWOOD costs, expenses and charges, in
      the amount of $49,061.11.

43.   At the time this action in *Wedgewood Care Center, Inc., vs. Kravitz,* was commenced,
      Defendants possessed knowledge that the aforementioned allegations were untrue and
      unsupported by any admissible proof.

44.     The conduct complained of herein, involves a "factory approach" to litigation by
        Defendants filing a high volume of lawsuits against alleged consumer debtors based on
        scant and unverified information.

45.     Defendants have engaged in deceptive business practices by commencing *Wedgewood*
        *Care Center, Inc., vs. Kravitz,* and other similar lawsuits, in bad faith, without any valid
        basis, and without possessing any evidentiary proof supporting these claims.

## FIRST CLAIM FOR RELIEF (FDCPA)

46.     Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "45" as
        if fully set forth herein.

47.     Defendants have engaged in deceptive business practices by attempting to turn
        questionable and unverified consumer debt or collection accounts into enforceable court
        judgments, regardless of whether the consumer actually owes the alleged underlying
        debt, in whole or in part.

48.     Defendants violated the FDCPA.

49.     Defendants violated 15 USC § 1692 by using false representations and deceptive means to
        collect a debt.

50.     Defendants violated 15 USC § 1692(e)(2)(A) by misrepresenting the character, amount, or legal
        status of an alleged debt.

51.     Defendants violated 15 USC § 1692(e)(8) by communicating credit information which was known
        to be false.

52.     Defendants violated 15 USC § 1692(e)(10) using false representations or deceptive means to
        collect or attempt to collect any debt or to obtain information concerning a consumer.

53.     Defendants violated 15 USC § 1692(f) by their unfair and unconscionable acts.

54.     Defendants' violations of 15 USC §1692, et seq., render them jointly and severally liable to Plaintiff.

55.     As a result of Defendants' deceptive and unfair debt collection practices, Defendants are jointly and severally liable to the Plaintiff.

56.     As a direct and proximate result of these violations of the FDCPA, Plaintiff and the putative members of the class have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF (GBL §349)

57.     Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "45" and "47" though "56" as if fully set forth herein.

58.     New York GBL § 349 proscribes "[d]eceptive acts of practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state."

59.     GBL provides that "any person who has been injured by reason of any violation of [their respective] section[s] may bring an action in his own name to enjoin such unlawful act or practice" as well as to obtain actual damages.

60.     As set forth herein, Defendants have engaged in deceptive acts and practices within the meaning of GBL §349.

61.     Defendants' acts and practices have been entirely directed at consumers and have a broad impact on the New York consuming public.

62.     Consumers appear to defend themselves in l e s s   t h a n 10% of the debt collection cases brought in the New York Civil Court, and debt buyers obtain default judgments in the vast majority of debt collection lawsuits.

63.   It has been reported that industry estimates 94% of collections end in default and that "[t]he majority of borrowers don't have a lawyer, some don't know they are even being sued, and others don't appear in court, say judges."). (Jessica Silver-Greenberg, *"Boom in Debt Buying Fuels Another Boom- In Lawsuits," The Wall Street Journal, Nov. 28, 2010).*

64.   On the other side of the coin, a reasonable consumer may feel forced to pay an invalid debt, rather than face the consequences of having a judgment entered against him or her.

65.   A consumer, unschooled in the law, could be readily deceived into believing that Defendants would not be bringing the lawsuit unless it either possessed evidentiary proof of the claim, or could easily obtain such proof. If neither is true, it provides a sound basis for finding a consumer-oriented deception.

66.   From the perspective of an average reasonable consumer, lawsuits such as *Wedgewood Care Center, Inc., vs. Kravitz*, could deceive or mislead a person into believing that WEDGEWOOD would likely recover a judgment if the Defendant did not pay the alleged debt or agreed to a proposed settlement.

67.   Under the foregoing circumstances, a finder of fact could well conclude that such actions would likely mislead a reasonable consumer.

68.   Defendants' deceptive acts and practices, herein, affect the consuming public at large, are not limited to the Plaintiff, and clearly raise issues beyond any private contract disputes.

69.   Defendants' aforedescribed deceptive acts and business practices have proximately caused direct, forseeable, and irreparable pecuniary and economic damages to Plaintiff.

70.   By reason of all of the foregoing, Defendants are jointly and severally liable to Plaintiff and the putative members of the class for actual damages available under New York General Business Law, § 349 *et. seq.*

71.    Defendants are jointly and severally liable to Plaintiff and the class for compensatory damages available under New York General Business Law, § 349 et. seq.

72.    In addition to pecuniary losses, Plaintiff and the class has suffered actual harm as a result of Defendants' violations GBL §349(a), including but not limited to the annoyance, harassment, time, frustration, anger and anxiety, proximately resulting from Defendants' violations of GBL §349.

73.    Pursuant to New York General Business Law, § 349 *et. seq.*, Defendants are jointly and severally liable to pay costs to Plaintiff and the class, including reasonable attorney's fees.

### THIRD CAUSE OF ACTION

74.    Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

75.    New York law holds that "an attorney or counsel who . . . is guilty or any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party ". . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law . . . forfeits to the party injured treble damages, to be recovered in a civil action." *N.Y. Jud. Law §487(1).*

76.    Defendants violated §487 of the New York Judiciary Law by engaging in deceit or collusion, or consenting to deceit or collusion, with the intention to deceive the courts and opposing party consumers, including this Plaintiff, by *inter alia,* commencing debt collection lawsuits on behalf of WEDGEWOOD and other clients, with no verifiable knowledge of the alleged underlying debt.

77.    Defendants conducted business in New York and committed the above-described acts willfully and/or knowingly and have caused injury and damages to Plaintiff and the class.

78.     As a direct and proximate result, Plaintiff and the class has suffered compensable

harm and is entitled to recover actual and statutory damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and the

class, and against Defendants, jointly and severally, as follows:

(a)     Granting Declaratory judgment that Defendants' conduct violated the FDCPA;

(b)     Awarding statutory and actual damages provided under the FDCPA, 15 USC §1692 *et*

*seq.*;

(c)     Enjoining and directing Defendants to comply with the FDCPA in its debt collection

activities, including without limitation, directing Defendants to cease engaging in debt collection

practices that violate the FDPA;

(d)     Awarding Plaintiff and the class statutory and actual damages provided by New York

General Business Law §349;

(e)     Awarding Plaintiff and the class statutory and actual damages provided by New York

Judiciary Law §487;

(c)     Awarding Plaintiff and the class costs and disbursements, litigation expenses, and

reasonable attorney's fees; and

(d)     For such other and further relief as the Court may deem just and proper.

Dated: December 3, 2014

                              **BLAU LEONARD LAW GROUP, LLC**

                              By: _____

                                   Steven Bennett Blau
                                   Shelly A. Leonard
                                   23 Green Street, Suite 303
                                   Huntington, NY 11473
                                   (631) 458-1010
                                   *Attorneys for Plaintiff and the*
                                   *Putative Class*

# Exhibit "A"

# ABRAMS ▮▮ FENSTERMAN

### Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Einiger, LLP

Attorneys at Law
www.abramslaw.com

1111 Marcus Avenue - Suite 107
Lake Success, New York 11042
Phone: 516-328-2300
Fax: 516-328-6638
Fax Not For Legal Service

FIRM OFFICES
———
Brooklyn
New York
Rochester

September 13, 2013

Eric Kravitz
23765 Main Road
Orient, NY 11957

> Re:  Beatrice Kravitz @ Highfield Gardens Care Center of Great Neck
> Amount Owed: $49,061.11
> <u>OUR FILE NO.: 96808.2469</u>

Dear Mr. Kravitz:

Our office represents the Highfield Gardens Care Center of Great Neck.  We have been retained in connection with the outstanding debt due and owing to the facility for care and services provided to Beatrice Kravitz.  Please see the enclosed bill.

**We are contacting you regarding this matter because you undertook certain duties and obligations by signing the facility's admission agreement, and could be responsible to the facility for damages that flowed from your apparent breach of that agreement.**

In this regard, unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.  If you request this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.  This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Kindly contact us to discuss this matter further at your earliest convenience.  Thank you.

Very truly yours,

Kenneth Whitman, Esq
Enc.
/mc
cc:  Highfield Gardens Care Center of Great Neck.

*Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.*

08/23/2013

HIGHFIELD GARDENS CARE CENTER
199 COMMUNITY DRIVE
GREAT NECK, NY 11021 5502

*** INVOICE ***

Billing Period

01/01/2012 To 08/31/2013

ERIC & MARI KRAVITZ
23765 MAIN ROAD
ORIENT, NY 11957

Account Name     : KRAVITZ,BEATRICE
Account Number   : 14126

| Description | Dates | Receipts | Charges | Balance |
|---|---|---|---|---|
| ROOM & BOARD FOR PRIVATE | 01/01-01/31/12 | | 12,245.00 | 12,245.00 |
| NYS ASSESSMENT | 01/01-01/31/12 | | 881.64 | 13,126.64 |
| ROOM & BOARD FOR PRIVATE | 02/01-02/29/12 | | 11,455.00 | 24,581.64 |
| NYS ASSESSMENT | 02/01-02/29/12 | | 824.76 | 25,406.40 |
| ROOM & BOARD FOR PRIVATE | 03/01-03/31/12 | | 12,245.00 | 37,651.40 |
| NYS ASSESSMENT | 03/01-03/31/12 | | 881.64 | 38,533.04 |
| ROOM & BOARD FOR PRIVATE | 04/01-04/30/12 | | 11,850.00 | 50,383.04 |
| NYS ASSESSMENT | 04/01-04/30/12 | | 829.50 | 51,212.54 |
| ROOM & BOARD FOR PRIVATE | 05/01-05/05/12 | | 1,580.00 | 52,792.54 |
| NYS ASSESSMENT | 05/01-05/05/12 | | 110.60 | 52,903.14 |
| ROOM & BOARD FOR PRIVATE | 06/25-06/30/12 | | 2,370.00 | 55,273.14 |
| NYS ASSESSMENT | 06/25-06/30/12 | | 165.90 | 55,439.04 |
| R/B Co-Insurance PRIVATE | 06/03-06/24/12 | | 3,179.00 | 58,618.04 |
| ROOM & BOARD FOR PRIVATE | 07/01-07/31/12 | | 12,245.00 | 70,863.04 |
| NYS ASSESSMENT | 07/01-07/31/12 | | 857.15 | 71,720.19 |
| ROOM & BOARD FOR PRIVATE | 08/01-08/31/12 | | 12,245.00 | 83,965.19 |
| NYS ASSESSMENT | 08/01-08/31/12 | | 857.15 | 84,822.34 |
| ROOM & BOARD FOR PRIVATE | 09/01-09/30/12 | | 11,850.00 | 96,672.34 |
| NYS ASSESSMENT | 09/01-09/30/12 | | 829.50 | 97,501.84 |
| ROOM & BOARD FOR PRIVATE | 10/01-10/31/12 | | 12,245.00 | 109,746.84 |
| NYS ASSESSMENT | 10/01-10/31/12 | | 857.15 | 110,603.99 |
| ROOM & BOARD FOR PRIVATE | 11/01-11/30/12 | | 11,850.00 | 122,453.99 |
| NYS ASSESSMENT | 11/01-11/30/12 | | 805.80 | 123,259.79 |
| R/B Co-Insurance PRIVATE | 06/03-06/24/12 | | -3,179.00 | 120,080.79 |

[ CON'T ON NEXT PAGE ]

08/23/2013

HIGHFIELD GARDENS CARE CENTER
199 COMMUNITY DRIVE
GREAT NECK, NY 11021 5502

*** INVOICE ***

Billing Period

01/01/2012 To 08/31/2013


ERIC & MARI KRAVITZ
23765 MAIN ROAD
ORIENT, NY 11957


Account Name   : KRAVITZ,BEATRICE
Account Number : 14126


| Description | Dates | Receipts | Charges | Balance |
|---|---|---|---|---|
| ROOM & BOARD FOR PRIVATE | 06/25-06/30/12 | | -2,370.00 | 117,710.79 |
| NYS ASSESSMENT | 06/25-06/30/12 | | -165.90 | 117,544.89 |
| ROOM & BOARD FOR PRIVATE | 07/01-07/31/12 | | -12,245.00 | 105,299.89 |
| NYS ASSESSMENT | 07/01-07/31/12 | | -857.15 | 104,442.74 |
| ROOM & BOARD FOR PRIVATE | 08/01-08/31/12 | | -12,245.00 | 92,197.74 |
| NYS ASSESSMENT | 08/01-08/31/12 | | -857.15 | 91,340.59 |
| ROOM & BOARD FOR PRIVATE | 09/01-09/30/12 | | -11,850.00 | 79,490.59 |
| NYS ASSESSMENT | 09/01-09/30/12 | | -829.50 | 78,661.09 |
| ROOM & BOARD FOR PRIVATE | 10/01-10/31/12 | | -12,245.00 | 66,416.09 |
| NYS ASSESSMENT | 10/01-10/31/12 | | -857.15 | 65,558.94 |
| ROOM & BOARD FOR PRIVATE | 11/01-11/30/12 | | -11,850.00 | 53,708.94 |
| NYS ASSESSMENT | 11/01-11/30/12 | | -805.80 | 52,903.14 |
| R/B Co-Insurance PRIVATE | 11/25-11/30/11 | | 849.00 | 53,752.14 |
| R/B Co-Insurance PRIVATE | 12/01-12/31/11 | | 4,386.50 | 58,138.64 |
| Resident Participation | 06/03-06/24/12 | | 619.57 | 58,758.21 |
| Resident Participation | 07/01-07/31/12 | | 475.15 | 59,233.36 |
| Resident Participation | 09/01-09/30/12 | | 475.15 | 59,708.51 |
| Resident Participation | 10/01-10/31/12 | | 475.15 | 60,183.66 |
| Resident Participation | 11/01-11/30/12 | | 475.15 | 60,658.81 |
| Resident Participation | 12/01-12/31/12 | | 475.15 | 61,133.96 |
| Resident Participation | 08/01-08/31/12 | | 475.15 | 61,609.11 |
| Resident Participation | 01/01-01/05/13 | | 1,201.15 | 62,810.26 |
| CASH RECEIPT FOR Resid/Part | 03/02/12 | 5,224.00 | | 57,586.26 |
| CASH RECEIPT FOR Resid/Part | 07/03/12 | 1,182.00 | | 56,404.26 |

[ CON'T ON NEXT PAGE ]

# Exhibit "B"



**BLAU LEONARD**
Law Group LLC

**Shelly A. Leonard**
**Partner**
**23 Green Street ▪ Suite 303**
**Huntington ▪ NY 11743**
**T: 631-458-1010 ext. 200**
**F: 631-458-1011**
*Admitted in NY & NJ*
**sleonard@blauleonardlaw.com**

November 5, 2013

VIA FACSIMILE 516-328-6638
Abrams, Fensterman, Fensterman,
Eisman, Formato, Ferrara & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
Attn: Kenneth Whitman, Esq.

> Re:  Beatrice Kravitz @ Highfield Gardens Care Center of Great Neck
>      Your File No.: 96808.2469

Dear Mr. Whitman:

 We have been contacted by Eric Kravitz, the son of Beatrice Kravitz, with regard to your correspondence dated September 13, 2013. You make reference to purported liability of Eric Kravitz for the outstanding debt allegedly owed to the Highfield Gardens Care Center of Great Neck (the "facility") for services provided to Beatrice Kravitz.

 Eric Kravitz made no written or verbal representations that he would or could be held personally responsible for his mother's debt due to the Facility. Further, Eric Kravitz was not a signatory on any admission agreement or subsequent contract with the Facility as a "responsible party" and never personally guaranteed any payment or the performance of any legal obligation owed by his mother, Beatrice Kravitz, to the Facility.

 Please provide to this office any and all documents you feel support a valid legal claim of personal obligation and/or responsibility of Eric Kravitz for any moneys claimed to be owed as a result of the services rendered to his mother, Beatrice Kravitz by the facility.

 We are available to discuss this matter.

Very truly yours,

*Shelly A. Leonard*

Shelly A. Leonard

cc: Eric Kravitz

115 River Road ▪ Suite 1027 ▪ Edgewater ▪ New Jersey ▪ 07020 ▪ Tel: 201-212-6363 ▪ Toll: 800-320-0403