UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERIC KRAVITZ, individually and on behalf of
all others similarly situated,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                     2:14-cv-7031 (DRH)(AYS)

    - against –

ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN, FORMATO,
FERRERA & WOLD, LLP, and MELANIE I.
WEINER,

                        Defendants.
-------------------------------------------------------X

**APPEARANCES**

**BLAU LEONARD LAW GROUP, LLC**
Attorneys for Plaintiff
23 Green Street, Suite 303
Huntington, NY 11743
By:    Shelly A. Leonard, Esq.
         Steven Bennett Blau, Esq.

**ABRAMS, FENSTERMAN, FENSTERMAN, FLOWERS, GREENBERG & EISMAN, LLP**
Attorney for Defendants
1111 Marcus Ave., Suite 107
Lake Success, NY 11042
By:    Keith J. Singer, Esq.

**STEVEN COHN, P.C.**
Attorneys for Defendants
1 Old Country Road, Suite 420
Carle Place, NY 11514
By:    Steven Cohn, Esq.
         Alan Scott Zigman, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Eric Kravitz ("Kravitz" or "Plaintiff") brought this putative class action against Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrera & Wolf, LLP ("Law Firm") and Melanie I. Weiner (collectively with Defendant Law Firm, "Defendants"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), New York General Business Law ("N.Y. Gen. Bus. Law") § 349, and New York Judiciary Law ("N.Y. Jud. Law") § 487. Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56. As explained in more detail below, Defendants' motion for summary judgment is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the Parties' Rule 56.1 Statements, and are uncontested unless otherwise stated.

Defendants are attorneys who are admitted to practice before the courts of the state of New York. (Def.'s R. 56.1 Stmt. [ECF No. 47-17] ¶ 1.) On June 4, 2014, Defendants commenced a collection lawsuit ("State Lawsuit") against Plaintiff in Nassau County Supreme Court on behalf of their client, the nursing facility Wedgewood Care Center, Inc. ("Wedgewood"). (*Id.* ¶ 2.) The sole cause of action in the State Lawsuit was a breach of contract claim "alleging [Plaintiff] Eric Kravitz failed to perform obligations he undertook in a November 2011 admission agreement for his mother, Beatrice Kravitz," a resident of a Wedgewood nursing facility. (*Id.* ¶ 4.) On August 4, 2014, Mr. Kravitz filed his verified answer to the complaint in the State Lawsuit, asserting a counterclaim for violations of N.Y. Gen. Bus. Law ("State Counterclaim") (*Id.* ¶ 5.).

On December 2, 2014, Plaintiff filed his complaint in this action (the "Federal Lawsuit")). The State Counterclaim against Wedgewood and Count II of the Federal Lawsuit for violations of N.Y. Gen. Bus. Law § 349 "are based upon substantially the same factual allegations." (*Id.* ¶ 10).

On May 9, 2017, Wedgewood moved for summary judgment in the State Action, seeking a monetary judgment of $49,061.11 plus interest. (*Id.* ¶ 14.) The following week, Plaintiff cross-moved for summary judgment in the State Action. (*Id.* ¶ 15.) On November 9, 2017, the Nassau Supreme Court granted Wedgewood's motion and denied Plaintiff's motion. (*Id.* ¶ 18.) On November 28, 2017, Plaintiff filed a notice of appeal of the decision in the State Action. (*Id.* ¶ 19.) On December 20, 2017, the Nassau Supreme Court entered judgment in favor or Wedgewood and against Plaintiff in the amount of $49,061.11, plus interest and costs ("State Judgment"). (*Id.* ¶ 20.) Plaintiff's appeal of the State Lawsuit has not yet been decided.

## DISCUSSION

### I. *Legal Standard for Summary Judgment*

Summary judgment pursuant to Rule 56 is appropriate only where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. SYS. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the

non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (*quoting Anderson*, 477 U.S. at 252) (internal quotation marks omitted), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (internal quotation marks omitted), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing Anderson, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Id*. at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not

'implausible.'" *Id.* at 211 (citing *Matsushita*, 475 U.S. at 587).

   II.   The Parties' Arguments

      A. Plaintiff's Claims

Plaintiff sets forth three causes of action in the complaint. First, Plaintiff asserts violations of the FDCPA against Defendants for "engag[ing] in deceptive business practices by attempting to turn questionable and unverified consumer debt or collection accounts into enforceable court judgments, regardless of whether the consumer actually owes the alleged underlying debt, in whole or in part." (Compl. [ECF No. 1] ¶ 47.) Second, Plaintiff asserts violations of N.Y. Gen. Bus. Law § 349 for engaging in deceptive acts and practices. (*Id.* ¶ 60). Finally, Plaintiff asserts violations of N.Y. Jud. Law § 487 against Defendants for "engaging in deceit or collusion, or consenting to deceit or collusion, with the intention to deceive the courts and opposing party consumers, including this Plaintiff, by *inter alia*, commencing debt collection lawsuits on behalf of Wedgewood and other clients, with no verifiable knowledge of the alleged underlying debt." (*Id.* ¶ 76.)

      B. Defendants' Motion for Summary Judgment

Defendants move to dismiss the Complaint pursuant to Rule 56 on the basis that Plaintiff is collaterally estopped from asserting his claims in this action. Defendants argue that Plaintiff's three claims are all predicated on Defendants having commenced the State Lawsuit against Plaintiff, and the State Court already found that the allegations in the State Complaint were meritorious by granting Defendants' motion for summary judgment in the State Lawsuit. (Def.'s Mem. in Supp. [ECF No. 47-18] at 9.)

Plaintiff replies that the requirements of collateral estoppel have not been established because there are different issues between the State Lawsuit and this Federal Lawsuit, the parties
Page 5 of 14

from the two suits are not in privity, and the pending appeal of the State Judgment is likely to result in reversal. (P.'s Mem. in Opp. [ECF No. 47-26] at 9 et seq.)

   III.   *Defendants' Motion for Summary Judgment is Granted in Part and Denied in Part*

      A. Collateral Estoppel Legal Standard

"Collateral Estoppel, also known as issue preclusion, provides that 'when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in any future lawsuit.'" *Nath v. Select Portfolio Servicing, Inc.*, 2017 WL 782914, at *9 (S.D.N.Y. Feb. 28, 2017) (quoting *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 168 (E.D.N.Y. 2010), *aff'd*, 446 Fed. Appx. 360 (2d Cir. 2011)). Even where the prior action is a state court action, the federal court must give the state court judgment the same preclusive effect it would have in the state court. *Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 142, 146 (E.D.N.Y. 2016). If New York state law applied to the original action, the New York state law controls the determination of whether the subsequent action is barred by collateral estoppel. *See, e.g.*, *id.* ("Because the Foreclosure Action occurred in New York, this Court applies New York's . . . collateral estoppel doctrine[]"); *see also Austin v. Downs, Rachlin & Martin Burlington, St. Johnsbury*, 270 F. App'x 52, 53 (2d Cir. 2008) ("Federal law applies to determine the preclusive effect of a prior federal judgment"). Here, the State Lawsuit was decided under New York state law, so this Court applies New York's collateral estoppel doctrine.

Under New York law there are two elements that must be met for collateral estoppel to apply. First, the issue in question must have been "actually and necessarily decided in a prior proceeding," and second, "the party against whom the doctrine is asserted [must have] had a full and fair opportunity to litigate the issue in the first proceeding." *Nath*, 2017 WL 782914, at *9

(quoting *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007)) (internal quotation marks omitted).  "The party asserting issue preclusion bears the burden of showing that the identical issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Nath*, 2017 WL 782914, at *9 (quoting *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995) (internal quotation marks omitted).  New York case law has established that "the doctrine of claim preclusion bars litigation of claims or defenses that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits and arose out of the same factual grouping as the later claim, even where the later claim is based on different legal theories or seeks dissimilar or additional relief." *Nath*, 2017 WL 782914, at *9 (quoting *L.A.M. Recovery, Inc. v. Dep't of Consumer Affairs*, 345 F. Supp. 2d 405, 409–10 (S.D.N.Y. 2004)) (internal quotation marks omitted).

A third party, such as Defendants, may still invoke collateral estoppel if it can demonstrate that it was in privity with a party to the earlier action and the "new defendants have a sufficiently close relationship to justify [its] application." *Houdet v. U.S. Tennis Ass'n*, 2014 WL 6804109, at *4 (E.D.N.Y. Dec. 3, 2014); *see also Harriot v. Nationstar Mortgage LLC*, 2018 WL 4522102, at *8 (E.D.N.Y. Aug. 17, 2018) (same).  "A relationship of privity includes those who are successors to a property interest, those who control an action although not formal parties to it, [and] those whose interests are represented by a party to the action." *Talley v. LoanCare Servicing, Div. of FNF*, 2018 WL 4185705, at *7 (E.D.N.Y. Aug. 31, 2018) (quoting *Modular Devices, Inc. v. Alcatel Alenia Space Espana*, 2010 WL 3236779, at *4 (E.D.N.Y. Aug. 12, 2010)) (internal quotation marks omitted).  Here, the question is whether Defendants had a sufficiently close relationship with their client, Wedgewood, to be in privity and justify

application of collateral estoppel. "New York's privity inquiry is fact based and cannot be determined solely by the character of formal legal relationships between parties." *Amalfitano v. Rosenberg*, 2005 WL 2030313, at *4 (S.D.N.Y. Aug. 22, 2005) (citing *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 320 (N.Y 1970)). "[I]t has been held in New York that an individual's mere status as an attorney in a prior action is insufficient to establish privity for collateral estoppel purposes in a subsequent action against the attorney." *Amalfitano*, 2005 WL 2030313, at *4 (citing *Goodman v. Solack Estates, Inc.*, 78 A.D.2d 513, 513 (N.Y. App. Div. 1980). However, the context in which the privity inquiry is usually undertaken are situations in which the attorneys are arguing that they were *not* in privity with the party to the original action and that finding privity would be prejudicial because the attorneys were not able to argue their position in the prior proceeding. *See id.* Here, the attorneys claim they were in privity with the client, Wedgewood, in the State Lawsuit. Moreover, there is no prejudice to Plaintiff because he was a party to both actions and, even finding privity, the Court must still consider whether the issues at bar were actually and necessarily decided in the State Lawsuit and whether Plaintiff had a full and fair opportunity to be heard. Therefore, the Court is persuaded that Defendants were in privity with Wedgewood in the State Lawsuit.

      B. Defendants' Motion for Summary Judgment is Granted in Part and Denied in Part

          1. Issues Actually and Necessarily Decided

"To determine whether the issue in the first litigation was necessarily decided, the focus is on the rights, questions, or facts that underlie a judicial decision, not the legal theories underlying the complaint." *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 424–25 (S.D.N.Y. 2008). "New York requires only that the issue have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Id.*

(quoting *Coveal v. Consumer Home Mortg., Inc.*, 2005 WL 2708388, at *5 (E.D.N.Y Oct. 21, 2005)).

As explained above, Plaintiff sets forth three claims: (1) violations of the FDCPA; (2) violations of N.Y. Gen. Bus. Law § 349; and (3)violations of N.Y. Jud. Law § 487. As to the FDCPA claim, Plaintiff specifically argues that Defendants violated 15 U.S.C. § 1692 by: (1) "using false representations and deceptive means to collect a debt[;]" (2) "misrepresenting the character, amount, or legal status of an alleged debt[;]" (3) "communicating credit information which was known to be false[;]" (4) "using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[;]" and (5) their "unfair and unconscionable acts." (Compl. ¶¶ 49–53.) As an initial matter, the Second Circuit has established that debt collection activities related to a nursing facility balance constitutes a "debt" under the FDCPA. *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015).

The violations Plaintiff alleges of the FDCPA concern deceptive actions by Defendants either communicating false information concerning the debt or misrepresenting the debt. However, the state court already found that Plaintiff was liable for the debt in question, which means that the lawsuit seeking to collect the debt could not have been predicated on false credit information. Moreover, the state court awarded Wedgewood the full amount of the debt sought to be collected, so the State Lawsuit could not have misrepresented the character, amount, or legal status of the debt. Thus, the State Lawsuit is decisive on the present action. "[A]n issue is 'decisive on the present action' if it would prove or disprove, without more, an essential element of any of the claims set forth in the complaint." *Curry c. City of Syracuse*, 316 F.3d 324, 332 (2d Cir. 2003). The State Lawsuit disproves an essential element of the FDCPA claim, namely that

Defendants misrepresented the debt or communicated false credit information. Accordingly, this issue was actually and necessarily decided in the State Lawsuit.

As for Plaintiff's second cause of action, N.Y. Gen. Bus. Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state." There are three elements to a claim under § 349: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Samms v. Abrams, Fensterman, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 112 F. Supp. 3d 160, 166 (S.D.N.Y 2015) (quoting *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000)) (internal quotation marks omitted). Defendants do not dispute the first element. Rather, Defendants argue that in light of the State Lawsuit being decided in their favor, their actions in bringing the State Lawsuit could not have been misleading in a material way. Thus, Defendants argue that the state court necessarily decided that Defendants' debt collection activities were not misleading when it denied Plaintiff's motion for summary judgment and granted Wedgewood's motion for summary judgment in the State lawsuit. The Court agrees.

The sole cause of action in the State Lawsuit was breach of contract; specifically Plaintiff's breach of the Wedgewood Admission Agreement for Plaintiff's mother. (Def.'s R. 56.1 Stmt. ¶ 4.) The Admission Agreement that was signed by Plaintiff provided that Plaintiff was not a guarantor, but that Plaintiff would be held personally responsible and liable if Plaintiff failed to utilize his mother's funds to pay for his mother's care, or if Plaintiff failed to provide requested information and/or documentation to Wedgewood. (Compl. ¶ 29.) Plaintiff argues that Defendants sought to collect a debt from Plaintiff "without any valid factual basis, predicated upon false allegations and knowing misrepresentations, contained in a sworn

verification by a corporate Officer of Wedgewood." (*Id.* ¶¶ 37–38.) However, there must have been a "valid factual basis for collecting the debt" and the State Lawsuit could not have been "predicated upon false allegations," because Wedgewood prevailed on its breach of contract claim *and* the state court awarded Wedgewood the entire sum that it sought. (Def.'s R. 56.1 Stmt. ¶¶ 16, 20.) Thus, the State Lawsuit disproves that Defendants' actions related to collecting the Wedgewood debt collection were misleading in a material way, which is an essential element of a § 349 claim. Moreover, Plaintiff does not dispute that he brought a counterclaim in the State Lawsuit under § 349 that is based upon substantially the same factual allegations. (P.'s R. 56.1 Stmt. [ECF No. 47-25] ¶ 10.) Thus, the state court already decided this claim as it was brought against Defendants' client Wedgewood and found that it lacked merit. Accordingly, this issue was actually and necessarily decided in the State Lawsuit.

As for Plaintiff's third and final cause of action, N.Y. Jud. Law § 487 provides that "[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion . . . with intent to deceive the court or any party . . . forfeits to the party injured treble damages." "Unlike the FDCPA, which creates strict liability '[a] violation of Judiciary Law § 497 requires an intent to deceive." *Samms*, 112 F. Supp. 3d at 167 (quoting *Moormann v. Perini & Hoerger*, 65 A.D. 3d 1106 (N.Y. App. Div. 2015)). The question of Defendants' intent had no bearing on the State Lawsuit because Defendants were not a party to that action. While it is unlikely that Defendants intended to deceive the state court or Plaintiff in the State Lawsuit in light of the fact that their client succeeded on the merits of the action, this is not the question before the Court on a motion for summary judgment based on collateral estoppel. Here, the essential element of Plaintiff's N.Y. Jud. Law § 487 claim was not decided in the State Lawsuit. Accordingly, the Court need not

proceed to determining whether the parties had a full and fair opportunity to litigate such claim, and Defendants' motion for summary judgment is denied as to Plaintiff's third cause of action.

2. Full and Fair Opportunity to Litigate

To determine whether a party has had a "full and fair opportunity to be heard," the Court must consider "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law, and foreseeability of future litigation." *Yeiser*, 535 F. Supp. 2d at 425. The Court need only consider this prong of the collateral estoppel test as to Plaintiff's first two causes of action.

Applying the *Yeiser* factors, the Court finds that Plaintiff had a full and fair opportunity in the State Lawsuit to litigate the issues of whether the debt owed to Wedgewood was falsely misrepresented. The determination in the State Lawsuit of whether the debt existed, whether Plaintiff was liable for it, and/or whether it was mischaracterized were essential to the inquiry of whether Plaintiff breached the contract that gave rise to the debt. These same questions are conclusive as to Plaintiff's FDCPA and N.Y. Gen. Bus. Law § 349 claims in this action. Plaintiff employed the same counsel in both lawsuits and had an opportunity to brief these issues in his cross-motion for summary judgment and in his opposition to Wedgewood's motion for summary judgment in the State Lawsuit. In fact, Plaintiff specifically briefed the N.Y. Gen. Bus. Law § 349 claim because he asserted the same as a counterclaim in the State Lawsuit. That the state court ruled against Plaintiff does not mean that he was not afforded a full and fair opportunity to litigate the issues at hand. Accordingly, Defendants' motion for summary judgment is granted as to Plaintiff's first two causes of action as they are collaterally estopped.

*IV. Plaintiff's Request to Substitute a New Representative Plaintiff is Denied*

Plaintiff's request to substitute a new representative plaintiff is denied with leave to renew as Plaintiff has failed to identify such other plaintiff or the grounds for granting his request. Any renewed request should be addressed to the Magistrate Judge within 30 days of the date of this Order, and should include the proposed amended complaint.

*V. Defendants' Request for Leave to Make an Application for an Award of Costs and Fees is Denied*

Defendants' request for leave to make an application for an award of costs and fees pursuant to 15 U.S.C. § 1692k(a)(3) on the basis that Plaintiff brought this action in bad faith is denied in its entirety. Plaintiff commenced this action shortly after the State Lawsuit was initiated, and long before the state court decided that Plaintiff was liable for the debt. Moreover, Plaintiff moved for summary judgment in the State Lawsuit, which suggests that he believed he would prevail. Accordingly, there is no evidence before the Court that Plaintiff brought the instant action in bad faith.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted as to Plaintiff's first two causes of action for violations of the FDCPA and N.Y. Gen. Bus. Law § 349. Defendants' motion for summary judgment is denied as to Plaintiff's third and final cause of action for violations of N.Y. Jud. Law § 487. Furthermore, Plaintiff's request for leave to substitute is denied without prejudice to renew within 30 days of the date of this Order. Finally,

Defendants' request for leave to move for an award of costs and fees pursuant to 15 U.S.C. § 1692k(a)(3) is denied in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
April 3, 2019

                                          /s/
                                    Denis R. Hurley
                                  United States District Judge